UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

J.L. GOODMAN on behalf of
herself and all others similarly situated,　　　　　　　　NO.08civ2299 (SJF)(MLO)


　　　　　　　　　　　Plaintiff,

　　　　-against-　　　　　　　　　　　　　　　　　　　Class Action
　　　　　　　　　　　　　　　　　　　　　　　　　　　Jury Trial Demanded
AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.,


　　　　　　　　　　　Defendant
-------------------------------------------------------------X

## AMENDED COMPLAINT

　　　Plaintiff J.L. Goodman, on behalf of herself and all others similarly situated, alleges the following on information and belief:

**Preliminary Statement**

　　　1.　　This action is brought for a refund of money improperly taken from plaintiff and other members of the putative Class by defendant American Express Travel Related Services Company, Inc. ("Amex") and for other relief in connection with its sale of American Express Gift Cards (the "Gift Cards").

　　　2.　　The Gift Cards are pre-paid credit card-like plastic cards issued by Amex in various values. Such Gift Cards are typically sold to the public through point-of-sale displays at supermarkets and other retail outlets.

**Parties**

3. Plaintiff is a citizen of the State of New York with her residence in the Eastern District of New York.

4. The members of the Class are citizens of most if not all of the United States.

5. Defendant Amex is a corporation which sells a wide variety of credit, financial and travel-related products and services. It is incorporated in New York.

**Jurisdiction and Venue**

6. Plaintiff is a resident and citizen of the State of New York. Amex is deemed to be a citizen of the State of New York, where it is incorporated. Although it actively conducts business within this District, its principal place of business is in Ft. Lauderdale, Florida.

7. Numerous members of the putative Class are residents of this District. More than 2/3 of the members of the putative Class are domiciled outside the State of New York.

8. Numerous members of the putative Class have purchased Amex Gift Cards from Amex within this District.

9. Numerous members of the Class have used and/or attempted to use Amex Gift Cards within this District.

10. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act of 2005, in that this is a class action for damages in an amount in excess of $5 Million exclusive of interest or costs, and members of the Class defined below are citizens of states different from those of defendant.

**The Gift Cards**

11. Amex sells, through various retail outlets, Gift Cards which are displayed in ways which trade upon the long-term reputation and legitimacy of American Express Travelers'

Cheques and American Express Cards. The Gift Cards, which are intended to be purchased as gifts and/or for use by children, are contained in sealed "envelopes" hanging upon point-of-sale display units (the "Sealed Envelopes").

12. Plaintiff purchased a Sealed Envelope believed by her to contain a $100 face value Gift Card sometime in or about September 2006 at the King Kullen supermarket in St. James, New York, within this District.

13. The gift cards are marketed as gifts, intended to be given as gifts, and plaintiff in fact gave the Gift Card which she purchased to her daughter-in-law, Robin London.

14. On information and belief, the Sealed Envelope stated that it was or contained a Gift Card issued by Amex.

15. On information and belief, Amex instructs merchants that they are not to sell any Gift Card if the Sealed Envelope has been opened. This information is given to consumers with a printed "warning" which tells consumers in sum and substance that they cannot open the envelope before they pay for the Gift Card.

16. Plaintiff paid $100 plus $4.95 for a Gift Card and gave it as a gift to her daughter-in-law, Robin London ("Robin"), who was and is a third-party beneficiary of the contractual relationship between plaintiff and Amex.

17. After Robin used $ 97.25 of the face value of her Gift Card, there remained a purportedly available balance of $ 2.75.

18. Despite repeated attempts, no retailer or other entity which accepted Gift Cards or Amex Cards for payment (the "Retailers") would accept the Gift Card purchased by Plaintiff for Robin London as partial payment of the amount due in a transaction, with the balance to be paid in cash (the "Retailers' Policy").

19. Ultimately, the purportedly available balance on the Amex Card purchased by plaintiff for Robin was wiped out by Amex's charge against such balance of $2.00 per month after the first 12 months following purchase. The Amex Card purchased by plaintiff is now worthless, the available balance having been rendered unusable by Amex as a result of its conversion of such balance through subsequent charges of $2.00 per month.

20. Amex never disclosed to members of the Class that Retailers would not accept the Amex Gift Cards uniformly as partial payment for goods and services, which policy Amex acquiesced in and/or promoted and/or used other means and devices to render the Gift Card cash balances only partially usable.

21. In effect, many balances on Gift Cards are rendered worthless to consumers or holders of the Gift Cards because retailers generally refuse to accept such balances in a "Split Tender Transaction" where payment is made partially with the Gift Card and partially with cash or a credit card.

22. In order to insure that remaining balances in Gift Cards will remain unused until they can be consumed by Amex's $2/month charge, Amex also charges a $10 "check-issuance fee" to pay the remaining available balance on a Gift Card to the owner of the Gift Card.

23. Amex has long been aware that retailers will not uniformly accept Gift Cards for "Split Tender Transactions" and has not required them to do so as part of its contractual arrangement with such retailers.

24. Amex benefits from the retailers' refusal to accept "Split Tender Transactions", because it gets to keep the unused balance on Gift Cards which consumers are unable to use.

25. As a result of the retailers' refusal to accept the Gift Card as partial payment of the amount due for goods and services, plaintiff and other members of the Class were unable to use or obtain the full value of the Gift Cards purchased and/or received by them.

26. Each member of the Class was victimized by Amex's practices as described herein in that each member of the Class lost part of the value of the Gift Cards purchased by or received by them.

27. Plaintiff and the members of the Class were either denied the full value of the Gift Cards purchased and/or were denied the timely use of them by Amex's failure to insure that all Gift Cards were accepted for payment no matter what unused value remained thereupon.

**Amex's Unjust Profit**

28. Amex was unjustly enriched by its practices and its failure to require retailers with which it had contractual relationships to uniformly accept Gift Cards, whatever their balance, as partial or full credit toward the amount owed the retailers by Gift Card holders.

29. By way of example, if a member of the putative Class paid Amex $100 plus a $4.95 fee to purchase a $100 Gift Card, and used $95 to make a purchase, but was unable to use the remaining $5.00 on her Gift Card, Amex would benefit by keeping the $5.00 remaining on the hypothetical customer's Gift Card together with some or all of the $5.95 fee Amex and the selling retailer received from the purchaser of the Gift Card.

**Class Action Allegations**

    a.   **Definition of the Class**

30. This is a Class Action brought by plaintiff on her own behalf and on behalf of all persons (i) who either purchased Gift Cards or received Gift Cards from others; and (ii) who were denied the full value of such Gift Cards (the "Class") from the time that Amex began

selling such Gift Cards to the present ("Class Period"). This definition is subject to amendment upon the completion of discovery with respect thereto.

### b. The Relief Sought for the Class

31. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated, under Rule 23, Fed. R. Civ. P., for (i) money damages equal to the amount of all unused value on pre-paid Gift Cards, together with interest thereon; (ii) injunctive relief providing for an accounting of the unjust enrichment of Amex and the profits earned thereupon and disgorging such sum to plaintiff and the members of the Class; (iii) injunctive relief preventing Amex from enriching itself through the continuation of the conduct described herein; and (iv) relief incident and subordinate thereto, including the expenses and fees of this action and an award of attorneys' fees.

### c. Numerosity of the Class

32. More than 10,000 Gift Cards have been sold by Amex to members of the Class. The exact number of members of the Class is not known by plaintiff, but is within the sole knowledge of Amex and can readily be determined.

33. The members of the Class are located in all or most of the fifty states, and more than two-thirds of such members of the Class are located in states other than New York.

34. The Class of persons adversely affected by the conduct of Amex described above is so numerous that joinder of the individual members is impracticable.

### d. Common Issues of Law and Fact Predominate

35. All members of the Class were adversely affected by Amex's conduct as described herein, or else will be affected by such conduct in the future (e.g., persons who hold Gift Cards which have not yet been used).

36. There are common questions of law and fact in the action that relate to and affect the rights of plaintiff and each member of the Class, including, *inter alia*:

(a) whether Amex's conduct as described herein violated its contractual obligations to members of the Class;

(b) whether Amex either individually and/or in concert with retailers and others violated its contractual obligations to members of the Class;

(c) whether Amex and its parent corporation were unjustly enriched at the expense of members of the Class by the conduct described herein; and

(d) what remedy is appropriate to compensate members of the Class for damages caused by Amex's conduct as described herein

37. The relief sought herein is common to the entire Class, including, *inter alia*:

(a) payment by Amex of damages caused by its conduct as described herein;

(b) an injunction requiring Amex to account for its unjust enrichment and to disgorge the amount thereof, including the profits earned and retained unjustly thereupon; and

(c) Payment of plaintiff's attorneys' fees, and the costs and expenses of this litigation.

e. **Typicality of Plaintiff's Claims**

38. Like all other members of the Class, Plaintiff lost part of the value of the Gift Card she purchased by virtue of Amex's conduct described above. Plaintiff's claims are typical of the claims of all Class members. Her claims are based on the same facts and legal theories as the claims of all other Class members.

f. **Plaintiff Will Fairly and Adequately Represent the Class**

39. Plaintiff will fairly and adequately protect the interests of all members of the Class.

40. Plaintiff's attorneys are experienced and capable in litigation involving breaches of contract similar to those at issue in this case and in the litigation of class actions. The

attorneys for plaintiff and the Class will actively conduct and be responsible for the prosecution of this litigation.

### First Count:   Conversion

41.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 38 as though stated more fully herein.

42.   By unilaterally denying to the members of the Class the full value of the Gift Cards purchased, Amex converted funds that should have accrued to the benefit of plaintiff, Robin and other members of the Class.

43.   By virtue of the foregoing conversion, plaintiff and other members of the Class have been damaged by Amex in an amount which cannot presently be determined.

### Second Count: Breach of Contract

44.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 41 as though stated more fully herein.

45.   Plaintiff, Robin and all members of the Class directly and/or as third party beneficiaries contracted with Amex to have the full cash value of the Gift Cards purchased by and/or for them.  Amex's retailers' Policy devalues the Gift Cards sold and/or given to members of the Class, in breach of Amex's duty of good faith and fair dealing owed to plaintiff and all members of the Class.

46.   Amex gave no consideration for its use of plaintiff's money and money belonging to other members of the Class, and took no steps to insure that the retailers accepted the cards in lieu of cash regardless of the amount remaining thereupon.

47.   By virtue of the foregoing breaches of contract, the members of the Class have been damaged by Amex in an amount which cannot presently be determined.

### Third Count: Unjust Enrichment

48. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 45 as though stated more fully herein.

49. By unlawfully retaining funds belonging to plaintiff and other members of the Class, and by unlawfully denying plaintiff and other members of the Class the full value and benefits of their Gift Cards, Amex unjustly enriched itself at the expense of plaintiff and the other members of the Class and, to the extent Amex did not turn over previously unclaimed funds to the various states, pursuant to their respective escheat laws. Amex directly and/or through its parent or affiliated corporate entities, invested and re-invested the proceeds of such unjust enrichment thus further magnifying them.

50. By virtue of the foregoing, Amex has been unjustly enriched in an amount to be determined by the Court, which amount should be paid over as directed by the Court.

### Fourth Count: Declaratory Judgment

51. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 48 as though stated more fully herein.

52. In New York and many other states, contracts must cannot be in small print, and must be readable. CPLR § 4544 provides in pertinent part:

> "Contracts in small print. The portion of any contract or agreement involving a consumer transaction . . . where the print is not clear or legible or is less than eight points in depth . . . may not be received in evidence in any trial, hearing or proceeding on behalf of the party who printed pr prepared such contract or agreement, or who caused such contract or agreement to be printed or prepared."

53. CPLR § 105(t) tells the Court exactly how to measure the type on the Brokerage Contract. That statute provides:

      Whenever a requirement relating to size of type is stated in point size, the type size requirement shall be deemed met if the x-height of the type is a minimum of forty-five percent of the specified point size. Each point shall be measured as .351 millimeter. The x-height size shall be measured as it appears on the page. The x-height is the height of the lower case letters, exclusive of ascenders or descenders.

      54.    The language on the outside of Amex's Sealed Envelope which are printed in typeface smaller than 8 point, are unenforceable.

      55.    Plaintiff is entitled to a declaratory judgment that the foregoing language isnot binding upon her or other members of the Class.

**Prayer for Relief**

      WHEREFORE, plaintiff respectfully requests on her own behalf and on behalf of all members of the Class:

      1.    certification of this action as a Class Action under Rule 23, Fed. R. Civ. P. and appointment of plaintiff and her counsel to represent the Class;

      2.    entry of judgment on the claims for breach of contract and conversion in favor of plaintiff and the other members of the Class and against Amex, and an award of compensatory damages in favor of plaintiff and the other members of the Class;

      3.    entry of judgment enjoining Amex from keeping funds remaining on Gift Cards;

      4.    entry of judgment compelling Amex to account for its unjust enrichment and disgorging the amount thereof (and the profits earned thereon) to those members of the Class negatively impacted by the wrongful activities described herein, or as otherwise ordered by the Court;

      5.    pre-judgment and post-judgment interest at the legal rate;

      6.    entry of judgment awarding plaintiff and the members of the Class punitive damages to be paid by Amex;

7. plaintiff's attorneys' fees and reimbursement of the reasonable costs and expenses of litigating this case; and

8. such other or additional relief as this Court deems appropriate.

Dated: August 21, 2008

GREENFIELD & GOODMAN LLC

By: _____

Richard D. Greenfield (RG 4046)
780 Third Avenue
48th Floor
New York, NY 10017
(410) 320-5931


DANIEL COBRINIK

By: _____

Daniel Cobrinik (DC 6406)
475 Park Avenue South
19th Floor
New York, New York 10016
(212) 725-6888

Attorneys for Plaintiff and the Class